## IN RE FOGLE.

[No. 30,995. Filed December 6, 1966. Rehearing denied December 22, 1966.]

*Robert W. McNevin* and *Steers, Klee, Jay & Sullivan,* of Indianapolis, for petitioner.

PER CURIAM.—It appears that Nathan Fogle, petitioner herein, was an applicant to take the written examination for admission to the bar of this State in March, 1965. Because the report upon the character and fitness of the applicant was not completed at the time of the March, 1965, examination, the board permitted him conditionally to take the examination so that he would not be delayed in event the report based upon the investigation as to his character and fitness was approved. He took the examination and passed. However, the full report, as found by the State Board of Law Examiners of this State showed that he had been personally involved in numerous matters of litigation in Marion County, Indiana, including a complaint for a fraudulent judgment, foreclosure of mechanic's lien, an action to contest a will, an application for a writ of prohibition, to mention but a few, which were not fully revealed in his application to take the examination for admission to the bar.

With reference to a question in his application as to whether or not he had ever been arrested, charged with a crime, convicted of a crime or pleaded guilty to a crime, his answer was:

> "False arrest May 22, 1962, Disorderly Person (For particulars see Count III—Complaint for Damages, Civil Action No. IP-63-70, . . .)."

The board found that the applicant did not make a full disclosure, since its evidence showed that

> "in the month of June, 1939, Nathan Fogle was arrested on charges of vagrancy and receiving stolen goods. The vagrant charge was dismissed. Applicant was convicted upon the stolen goods charge, fined $25.00 and costs and sentenced to the Indiana State Farm, which was suspended."

At the regular meeting of the board on September 29, 1965, the report of the Committee on Character and Fitness was approved by the State Board of Law Examiners and the

applicant, Nathan Fogle, was accordingly notified that he was denied admission to the bar of this State. Thereafter, on April 26, 1966, the applicant filed a petition for reconsideration and a hearing. This was granted and the petitioner appeared by his attorney before the board on May 18, 1966.[1] Following this hearing, the board again denied the petition of the applicant and reaffirmed its decision on May 29, 1965.

Thereafter, on July 5, 1966, said applicant filed his petition in this Court, asking this Court to reconsider the action of the State Board of Law Examiners in denying his admission to the bar.

Rule 2-13A of this Court in part provides:

"Any applicant aggrieved by the final action of the State Board of Law Examiners, in refusing to recommend to the Supreme Court of Indiana the admission to practice law in Indiana . . . , may, within twenty (20) days of such final determination by the board, file a petition with the Supreme Court of Indiana requesting review. . . ."

It is apparent that the applicant has not conformed with the rules of this Court in promptly filing such a petition in this Court within the twenty (20) days provided by the rules of this Court.

We therefore, of necessity, must deny the petition herein filed for failure to comply with the rules, and we have no question, either constitutional or otherwise, presented to us for consideration.

Petition denied.

NOTE.—Reported in 221 N. E. 2d 675.

---

1. The petitioner prior to the board's notification that he was denied admission, personally appeared before the committee on August 31, 1965, at which time he was informed of the nature of the objections to his admission to the bar, and was interviewed by the board personally and had an opportunity to state his views in the matter.